[No. 30636. Department One. December 17, 1948.]

KENNETH S. TREADWELL, as Receiver, Appellant, v.
A. KRISTOFERSON, INC., Respondent.[1]

[1]Reported in 200 P. (2d) 740.

*Sullivan & Pruzan,* for appellant.

*Lundin & Barto,* for respondent.

HILL, J.—On July 25, 1947, the Seattle Dairy, Inc., being then insolvent, entered into a written agreement with A. Kristoferson, Inc., for the sale of

" . . . all its business and good will and all its equipment and personal property, and to transfer its lease on the premises at 1415 Eighth Avenue, Seattle, Washington, and to furnish a full and complete list of all its customers, both wholesale and retail, and to grant the right to use the name 'Seattle Dairy', . . . retaining all the accounts receivable and notes receivable . . . ,"

for $18,100, which sum was to be placed with a bank as escrow agent, to be distributed to its creditors. An affidavit and list of creditors, as required by the bulk sales law, was filed with the county auditor on July 26, 1947. This sale was subsequently approved in a receivership proceeding.

To keep Seattle Dairy, Inc., in operation during the five-day period required to elapse under the bulk sales act before the purchase could be consummated (Rem. Supp. 1943, § 5832 [P.P.C. § 352-1]), there was an oral agreement whereby August Kristoferson personally was to and did advance $400 in cash and A. Kristoferson, Inc., was to furnish milk and supplies for that period, which it did, the value thereof being $1,422.50. In consideration of these advances, Seattle Dairy, Inc., orally agreed to assign and transfer its accounts receivable to A. Kristoferson, Inc., to the extent necessary to repay advances made. A. Kristoferson, Inc., was to collect all the accounts receivable. The total amount collected thereon was $4,154.48, from which A. Kristoferson, Inc., withheld $1,422.50 for itself and $400 for Mr. Kristoferson and turned the balance over to the receiver for Seattle Dairy, Inc., who was appointed on August 27, 1947.

The receiver joins two causes of action in a suit against A. Kristoferson, Inc. He seeks to recover the $1,822.50

withheld by A. Kristoferson, Inc., from the amount collected from the accounts receivable, as an unlawful preference. He also seeks to recover $1,828.39, claimed to be the value of the saleable merchandise of Seattle Dairy, Inc., as shown by the inventory made on July 31, 1947, contending that it was not included in "all its business and good will and all its equipment and personal property," which were to be conveyed under the written agreement of July 25, 1947, hereinabove referred to, for the consideration therein expressed.

The trial court found against the receiver on both causes of action and entered a judgment of dismissal, from which the receiver appeals.

■   The second cause of action may be summarily disposed of. The witness who testified to an understanding that the saleable merchandise was not included in the property which the respondent acquired for the $18,100 payment, was flatly contradicted by Mr. A. Kristoferson; and the latter's version of the transaction was supported not only by the description of the property sold, which we quoted in the opening paragraph of this opinion, but by the fact that the only property retained by Seattle Dairy, Inc., under the terms of that agreement was the accounts and notes receivable. Further negativing the contention of the receiver is the bulk sales affidavit prepared by Seattle Dairy, Inc., which refers to the sale of its "stock of goods, wares and merchandise, equipment and business" for a consideration of $18,100. The evidence preponderates in favor of the finding of the trial court that the assets sold for that amount included the inventory of saleable merchandise.

■   Whether or not there was an unlawful preference involved in the repayment to A. Kristoferson and A. Kristoferson, Inc., of the amount of their advances to keep Seattle Dairy, Inc., operating from July 26 to August 1, 1947, seems a very close question. However, Laws of 1947, chapter 8, § 3, p. 21 (Rem. Supp. 1947, § 2721-3), which became effective on June 12, 1947, is decisive of the case. That section reads:

"No assignment of an account shall be valid as against present or future creditors of the assignor, or as against a

subsequent assignee of such account without knowledge of such assignment, unless such assignment shall be in writing and be signed by the assignor, and unless there shall be on file in the office of the filing officer, at the time of the making of such assignment or within ten days thereafter, an effective and uncancelled notice signed by the assignor and the assignee, in substantially the following form: . . ."

It is conceded that the assignment of accounts by Seattle Dairy, Inc., to A. Kristoferson, Inc., was not in writing; it was, therefore, not valid as against the then existing creditors of the assignor, now represented by the receiver.

This enactment was not called to the attention of the trial court and was not mentioned in the printed briefs, but was brought to the attention of this court in oral argument and by way of supplemental authorities filed on the date of the oral argument. Had it been brought to the trial court's attention, an appeal would not have been necessary; and appellant will therefore not be permitted to recover costs on this appeal, although the judgment of the trial court, in so far as it relates to the appellant's first cause of action, is reversed and the cause remanded with instructions to enter judgment in favor of the receiver in the sum of $1,822.50, being the amount withheld by the respondent from the collections made by it from the accounts receivable of Seattle Dairy, Inc., under the oral assignment thereof. The judgment of dismissal as to the second cause of action is affirmed.

MALLERY, C. J., BEALS, STEINERT, and SCHWELLENBACH, JJ., concur.

----

January 28, 1949. Petition for rehearing denied.